## Commonwealth *v.* Hodges, Appellant.

*Criminal law—Receiving stolen goods—Charge.*

On the trial of an indictment of a driver of a wagon for the larceny of rugs and receiving stolen goods, where the evidence shows that the defendant admitted that at the terminus of a transportation company he permitted another man to place the rugs in the defendant's wagon, when the delivery clerk was not looking,

20, (1918).]     Syllabus—Assignment of Errors.

and that he delivered them to another party than the owner, and where there is evidence identifying the goods, the court commits no error in charging as follows: "Now therefore you must find in the first place, in order to find him guilty, that these were the rugs that were stolen, that they belonged to the transportation company, or were in their custody and control, and that he either stole them, or took part in stealing them, or that he knew them to be stolen when he received them. Those are the facts that you are to find ......from the evidence produced before you."

*Appeals—Assignments of error—Evidence.*

An assignment of error to the admission of a paper will not be considered which merely avers that the court erred "in admitting in evidence over the objection of the defendant, the paper known as bill of goods" without setting forth the paper, or the offer, or the objection to its admission.

Argued Oct. 22, 1918. Appeal, No. 206, Oct. T., 1918, by defendant, from judgment of Q. S. Philadelphia Co., Dec. T., 1917, No. 492, on verdict of guilty in case of Commonwealth v. Charles Hodges. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Indictment for larceny and for receiving stolen goods. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were (1, 2) in refusing binding instructions for defendant. Other assignments were in the following form:

3. The learned trial judge erred in charging the jury as follows: "Now, therefore, you must find in the first place, in order to find him guilty, that these were the rugs, that were stolen, that they belonged to the Merchants & Miners Transportation Company, or were in their custody, and control, and that he either stole them or took part in stealing them, or that he knew them, to be stolen, when he received them. Those are the facts

that you are to find. You are to find those facts from the evidence produced before you." (p. 6.)

4. The learned trial judge erred in admitting in evidence, over the objection of the defendant the paper, known as bill for goods, and marked "Commonwealth's Exhibit No. 1." (p. 24a.)

5. The learned trial judge erred in admitting in evidence, over the objection of the defendant, the receipt marked "Commonwealth's Exhibit No. 2." (p. 32a.)

6. The learned trial judge erred in admitting in evidence over the objection of the defendant, a paper known as a bill of lading, and marked "Commonwealth's Exhibit No. 3." (p. 35a.)

7. The learned trial judge erred in refusing the motion of the defendant for a new trial.

*Henry M. Stevenson*, for appellant.

*Charles E. Bartlett*, Assistant District Attorney, with him *Samuel P. Rotan*, District Attorney, for appellee.

OPINION BY KEPHART, J., December 12, 1918:

The defendant was charged with larceny and receiving stolen goods. The Commonwealth showed that he was a driver for Glandz, Hall & Company, dealer in rugs. On October 27th he went to the Merchants & Miners Transportation Company for rugs of this dealer. He there received and receipted for six bales. The Commonwealth also proved the receipt of five bales of rugs at Philadelphia by the Merchants & Miners Transportation Company, shipped over its lines by the Plymouth Mills Company for Landis & Company, and the subsequent receipt of four bales by that company. The bales were all duly numbered and the missing bale contained six Crex rugs. Blankenburg, an officer of the railroad company, testified in connection with these rugs, after the bills of lading, with the description of the articles had been offered in evidence, and after the testimony of Souder as

to the receipt of the Glandz rugs by the prosecutor, to an admission made by the defendant that he went down to the Merchants & Miners Transportation Company with another young man, and while he was getting the Glandz, Hall & Company rugs, and when the delivery clerk was not looking, this young man placed the Landis & Company bale of rugs on his wagon; he took it down to 422 South Fourth street where it was delivered. The rugs that were in the package delivered to 422 South Fourth street were the same rugs he took from that place when he arrested the defendant. Evidence of identification was given by Miller of Landis & Company, Selby and O'Connor, all of which tended to show that the rugs found in the defendant's possession were rugs that had been shipped to Landis & Company, which were stolen from the transportation company. This is a fair inference from their testimony. The credibility of these witnesses was for the jury. After the admission to Blankenburg, the officer, the question of identification was scarcely necessary, as the offence was shown to be complete by that testimony.

The assignments of error four, five and six are not in accordance with our rules of court. It was, however, not error to admit the papers complained of. The court did not abuse its discretion in refusing to grant a new trial and its instructions as to reasonable doubt were sufficient under our decisions.

The judgment is affirmed and the record remitted to the court below to the end that the sentence may be carried into effect.